NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000576
03-JAN-2013
09:12 AM**

NO. CAAP-12-0000576

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

GERALD L. KUNISHIGE; JEANETTE VENTURI;
CLAUDIO D'ANGELO; AND CURTISS S. BACON,
Plaintiffs-Appellees,
v.
RICHARD D. ECKERLE, Defendant-Appellant,
AND
DANIELA ECKERLE; RDE, INS., a Hawaiʻi corporation, et al.,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 07-1-89K)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Foley, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record on appeal, it appears that we do not have jurisdiction over this appeal that Defendant-Appellant Richard D. Eckerle (Appellant Eckerle) has asserted from the Honorable Ronald Ibarra's May 8, 2012 judgment, because the May 8, 2012 judgment does not satisfy the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2011), Rule 58 of the Hawaiʻi Rules of

Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Furthermore,

> if a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (emphases added). When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawai'i has noted that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). Although Plaintiffs-Appellees Gerald L. Kunishige, Jeanette Venturi, Claudio D'Angelo (Appellee D'Angelo), and Curtiss S. Bacon's October 18, 2007 first amended complaint asserted fourteen separate and distinct counts against Appellant Eckerle and six other named defendants, the May 8, 2012 judgment enters judgment as to only two parties and two claims by entering judgment in favor of Appellee D'Angelo and against Appellant Eckerle as to Count 1 and Count 2 of the October 18, 2007 first amended complaint. The May 8, 2012 judgment summarizes that a prior order dismissed all other claims, but the May 8, 2012 judgment does not, on its face, contain operative language that resolves those other claims, as HRCP Rule 58 requires under the holding in Jenkins. As the Supreme Court of Hawai'i has explained,

> [i]f the circuit court intends that claims other than those listed in the judgment language should be
> dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4. Although the May 8, 2012 judgment does not, on its face, contain operative language that adjudicates all of the claims as to all of the parties, the May 8, 2012 judgment also does not contain an express finding of no just reason for delay in the entry of judgment as to one or more but fewer than all of the claims or parties pursuant to HRCP Rule 54(b). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not,

on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). Therefore, the May 8, 2012 judgment does not satisfy the requirements for an appealable judgment under HRS § 641-1(a), HRCP Rule 58 and the holding in Jenkins. Absent an appealable final judgment in this case, Appellant Eckerle's appeal is premature and we lack jurisdiction over appellate court case number CAAP-12-0000576. Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-12-0000576 is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i, January 3, 2013.

Presiding Judge

Associate Judge

Associate Judge

-4-